**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JESS LEE GREEN                                                                            PLAINTIFF

v.                                                                  CAUSE NO. 1:18-cv-181-LG-MTP

JACQUELYN BANKS                                                                   RESPONDENT

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition of Jess Lee Green for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [5] pursuant to 28 U.S.C. § 2244(d).  Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [5] be granted and the Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On August 4, 2008, in the Circuit Court of Jackson County, Mississippi, Petitioner pled guilty to two counts of kidnapping, two counts of sexual battery, and one count of armed robbery in Cause No. 2007-11, 197(3). ([5-1]).  That same day, Petitioner also pled guilty to one count of kidnapping, one count of armed robbery, and one count of attempted sexual battery in Cause No. 2007-11, 198(3). ([5-1]).  On November 10, 2008, the state court sentenced Petitioner to serve thirty years in the custody of the Mississippi Department of Corrections for each of the eight counts, with the sentences to be served concurrently. ([5-2]).

On July 27, 2015, Petitioner filed a motion for post-conviction collateral relief in the Circuit Court of Jackson County. ([6-1] at 9-38).[1]  On June 30, 2016, the trial court dismissed

---

[1] Petitioner signed the motion for post-conviction collateral relief on July 22, 2015.

certain claims raised in the motion, but directed the State to provide more information. ([5-3]).
On July 25, 2016, after the State responded, the trial court dismissed the remaining claims. ([5-4]).[2]  On October 24, 2016, Petitioner filed a second motion for post-conviction collateral relief.
([5-6] at 6-10).  On September 25, 2017, the trial court dismissed the motion. ([5-7]).[3]

On May 22, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[4]
Thereafter, Respondent filed her Motion to Dismiss [5], asserting that the Petition was not timely
filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner
seeking federal habeas relief must file a federal petition within one year from "the date on which
the judgment became final by the conclusion of direct review or the expiration of the time for
seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th
Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state
conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the
> conclusion of direct review or the expiration of the time for seeking such review.
> We previously held that direct review includes a petition for writ of certiorari to
> the Supreme Court.  Therefore, the conclusion of direct review is when the
> Supreme Court either rejects the petition for certiorari or rules on its merits.  If the

---

[2] Petitioner appealed the trial court's decision, and on September 19, 2017, the Mississippi Court
of Appeals affirmed the trial court's decision. *See Green v. State*, 242 So. 3d 176 (Miss. App.
2017), *reg'g denied*, Feb. 6, 2018, *cert. denied*, May 10, 2018.

[3] On October 10, 2017, Petitioner appealed the trial court's decision, and his appeal is currently
pending before the Mississippi Court of Appeals. ([5-8]).

[4] The Petition was signed on May 22, 2018, and stamped filed on May 29, 2018.  "Under the
'mailbox rule,' a prisoner's federal habeas petition is deemed filed when he delivers the petition
to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th
Cir. 1999).  Weighing all doubts in Petitioner's favor, the undersigned will use the earlier date of
May 22, 2018.

> conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was sentenced on November 10, 2008, after entering a guilty plea.  Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Thus, Petitioner's conviction became final—and the statute of limitations for federal habeas relief began to run—on November 10, 2008.  Petitioner was required to file his federal habeas petition by November 10, 2009, unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his petition on May 22, 2018, more than nine years after his judgment became final.

**<u>Statutory Tolling</u>**

Whether statutory tolling occurred during the period between the judgment becoming final on November 10, 2008, and Petitioner filing his federal Petition on May 22, 2018, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.  As previously stated, Plaintiff signed his first motion for post-conviction collateral relief on July 22, 2015, and filed the motion on July 27, 2015. ([6-1] at 9-38).  By the time Petitioner signed this motion, the time for filing a federal habeas petition had long since expired.

Thus, the motion for post-conviction collateral relief did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation

period expired); *Baldwin v. Parker*, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006).

Accordingly, Petitioner did not benefit from statutory tolling under § 2244(d), and his federal

habeas deadline remained November 10, 2009.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set

forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*,

184 F.3d 510, 513 (5th Cir. 1999).  Additionally, in order to establish that he is entitled to

equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . .

." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  Courts should "examine each case on its

facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner,

however, bears the burden of proving the existence of rare and exceptional circumstances which

warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his Response [10], Petitioner argues that he is entitled to equitable tolling because he

has diligently pursued his rights, he is mentally incompetent, and he had inadequate access to

legal materials.  Petitioner also argues that he is entitled to equitable tolling because he is

actually innocent.

The record does not support Petitioner's assertion that he pursued his rights diligently.

After Petitioner was sentenced on November 10, 2008, he waited nearly seven years, or until

July 27, 2015, to file a motion for post-conviction collateral relief in state court. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Petitioner asserts that "once a lay advocate was available" to him, he "has been unyielding in pursuit of his rights and justice." ([10] at 4). He also asserts that he experienced a delay in obtaining his case file from his trial counsel and had inadequate access to a law library. However, a petitioner's duty to diligently pursue his rights in federal court starts when his conviction becomes final, not when a "lay advocate" becomes available to him. Petitioner has failed to demonstrate that he made any effort to pursue his rights until years after the limitation period had expired. Petitioner's extended period of inactivity does not constitute due diligence.[5]

Additionally, Plaintiff's allegations regarding his mental incompetence does not entitle him to equitable tolling. In support of his mental incompetency claim, Petitioner submits an excerpt and affidavit from his first motion for post-conviction collateral relief, which the state court denied. ([10-1]; [6-1] 30-31; 39-41). In the motion, Petitioner argued that he was not competent to plead guilty because he received mental health treatment and was prescribed psychotropic drugs at different times in his life. Specifically, Petitioner alleged that he received mental health counseling when he was seven year old and received psychiatric treatment and medication in 2009, 2011, and 2013. *Id*.

The Fifth Circuit has indicated that a mental impairment *might* support a claim of equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *Wells v. King*, 2012

---

[5] The undersigned also notes that Petitioner's post-conviction collateral relief motion was denied on July 25, 2016, but he waited nearly two years, until May 22, 2018, to file his habeas petition. Petitioner filed a second post-conviction collateral relief motion, but the trial court determined it was successive and untimely and denied it on September 25, 2017, nearly eight months before Petitioner filed his habeas petition. ([5-7]). Additionally, "[a] motion denied as untimely cannot be considered 'properly filed' and cannot serve as a basis for tolling under 28 U.S.C. § 2244(d)(2)." *Young v. Terrell*, 2014 WL 5040792, at *5 n.37 (E.D. La. Oct. 6, 2014).

WL 1906420, at *2 (S.D. Miss. May 1, 2012). "However, Petitioner bears the burden of proving that his mental condition prevented him from pursuing his legal rights." *Payne v. Director, TDCJ-CID*, 2015 WL 430380, at *2 (E.D. Tex. Feb. 2, 2015) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). Petitioner has failed to meet this burden.

The allegations made in Petitioner's post-conviction collateral relief motion do not demonstrate that Petitioner's mental capacity prevented him from timely filing a habeas petition. In its order denying Petitioner's motion, the trial court found that Petitioner "knowingly, voluntarily, and intelligently waived all his constitutional rights and knowingly entered his guilty plea, all under oath." ([5-3] at 5). Moreover, Petitioner has failed to present any evidence demonstrating that his mental condition impaired his ability to timely file his federal habeas petition. *See Redding v. Thaler*, 2013 WL 490907, at * 3 (N.D. Tex. Feb. 8, 2013) ("Allegations of mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition or illness rendered the petitioner unable to pursue his legal rights in a timely manner."); *see also Robinson v. Johnson*, 218 F.3d 744, 2000 WL 821450 (5th Cir. May 31, 2000); *Payne*, 2015 WL 430380, at *2.

Petitioner has failed to demonstrate that he was prevented in some extraordinary way from asserting his rights and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.

Petitioner also argues that he is actually innocent. "The miscarriage of justice exception 'applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Ross v. King*, 2013 WL 6048156, at *3 (S.D. Miss. Nov. 15, 2013) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013)). Petitioner must produce "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence.  In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 (1995)).  The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, "but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329.

Petitioner pled guilty to eight criminal counts, including kidnapping, sexual battery, attempted sexual battery, and armed robbery. ([5-1]).  In support of his actual innocence claim, Petitioner submits an excerpt from his motion for post-conviction collateral relief. ([10-2] [6-1] at 34-35).  This excerpt, however, contains no new evidence.  The bases for the arguments raised in his motion for post-conviction collateral relief were known or should have been known to Petitioner at the time he entered his guilty plea and do not demonstrate that no reasonable juror would have found the defendant guilty.[6]  Thus, Petitioner's arguments fall far short of demonstrating actual innocence.

---

[6] Petitioner now claims that he is actually and legally innocent.  Regarding his armed robbery convictions, Petitioner argues that (1) "neither victim ever claimed to be robbed and neither claimed their phones were taken 'at gun point;' (2) "no money was alleged to have been taken;" and (3) "the only 'weapon' recovered in the case is a toy gun."  Regarding his kidnapping convictions, he argues that "even the police did not view these cases as kidnappings; rather they viewed the cases as carjackings . . . ."  Regarding his attempted sexual battery and sexual battery convictions, he argues that "scientific testing" and "modern, advanced DNA testing" can prove his innocence.

## CONCLUSION

Petitioner's state court judgment became final on November 10, 2008.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by November 10, 2009.  Petitioner filed his petition on May 22, 2018.  Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [5] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 20th day of September, 2018.

s/ Michael T. Parker
United States Magistrate Judge