# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **JESS LEE GREEN** | **PETITIONER** |
| v. | **CAUSE NO. 1:18CV181-LG-MTP** |
| **JACQUELINE BANKS, SUPERINTENDENT** | **RESPONDENT** |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the [13] Report and Recommendation entered by United States Magistrate Judge Michael T. Parker. Judge Parker recommends that the respondent's [5] Motion to Dismiss be granted and that Jess Lee Green's petition for writ of habeas corpus be dismissed with prejudice as untimely. Green filed an objection to the Report and Recommendation, and the respondent filed a response to the objection. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Judge Parker's Report and Recommendation should be adopted as the opinion of this Court, the respondent's Motion to Dismiss should be granted, and Green's petition should be dismissed with prejudice.

## BACKGROUND

Green pled guilty to three counts of kidnapping, two counts of sexual battery, one count of attempted sexual battery, and two counts of armed robbery in the

Circuit Court of Jackson County, Mississippi.¹ On November 10, 2008, the Circuit Court sentenced Green to serve thirty years imprisonment for each count, with the sentences to be served concurrently without the possibility of parole or other early release. Green filed his first petition for post-conviction collateral relief on July 27, 2015, and the Circuit Court of Jackson County, Mississippi dismissed all of the claims asserted in the petition.² Green appealed, but the Mississippi Court of Appeals affirmed the dismissal of Green's petition. The Mississippi Supreme Court denied certiorari on May 10, 2018.

Green filed his second petition for post-conviction collateral relief on October 24, 2016. The Circuit Court dismissed the petition on September 25, 2017. Green signed his petition for writ of habeas corpus on May 22, 2018. The respondent filed the present Motion to Dismiss, arguing that Green's petition is untimely. Judge Parker recommends that the Motion to Dismiss should be granted.

## DISCUSSION

This case is governed by 28 U.S.C. § 2244(d)(1)(A), which imposes a one-year deadline for filing habeas petitions from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Since Green pled guilty, Mississippi law barred him from filing a direct appeal; thus, his conviction became final on November 18, 2008, the date when he

---

¹ Green is only contesting three of these charges — one count of kidnapping, one count of armed robbery, and one count of attempted sexual battery — in his habeas petition. (Pet. 1, ECF No 1; Obj. 3, ECF No. 14.)
² All of Green's post-conviction petitions, including the present habeas petition, were filed pro se with the assistance of a lay advocate.

was sentenced. *See Doss v. Outlaw*, No. 1:13CV172-SA-JMV, 2014 WL 349487, at *2 (N.D. Miss. Jan. 31, 2014) (citing *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review")). As a result, Green was required to file his habeas petition on or before November, 18, 2009. He filed the instant habeas petition over eight years after this deadline.

Green does not dispute that his petition is untimely, but he argues that the limitations period should be tolled. Equitable tolling is available "only in rare and exceptional circumstances." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Green first asserts that he is entitled to tolling due to mental impairment or incompetence. "Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Green has testified by affidavit that he received mental health counseling as a child. He also states that he has undergone mental health treatment and taken psychotropic drugs several times as an adult. He has a tenth grade education. Green asks the Court to permit him to

conduct discovery so that he can obtain evidence in support of his claim of incompetence. The Fifth Circuit has explained:

> Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause. Good cause may be found when a petition for habeas corpus relief establishes a prima facie claim for relief. Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. Simply put, Rule 6 does not authorize fishing expeditions.

*Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (internal quotation marks and citations omitted). Green has not demonstrated good cause for conducting discovery, and he has not informed the Court of the nature of his mental condition or explained how that condition prevented him from timely filing his habeas petition. Therefore, his request for equitable tolling on this basis is without merit.

Green also alleges that inadequate access to his case files prevented him from timely filing his petition. He claims that he was not able to obtain his case file from his former attorney until 2015, when he filed a complaint with the Mississippi Bar. However, Green has not provided any evidence of communications with his former attorney in an attempt to obtain the file or described his efforts to obtain the file from his attorney. As a result, even if the delay in obtaining the case file caused Green's untimely filing, he is not entitled to equitable tolling because he has not demonstrated diligence.

Green further claims that he was prevented from timely filing his petition by inadequate access to legal materials during his incarceration. Green has not demonstrated diligence in attempting to obtain legal materials or explained how his

-4-

lack of access caused such a lengthy delay in filing his habeas petition. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Thus, Green is not entitled to tolling on this basis.

Finally, Green argues that the Court should toll the limitations period because he is actually innocent of the charges to which he pled guilty. "Claims of actual innocence must be based on new evidence, and the petitioner must show that 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Green has not identified any new evidence of his innocence. Therefore, his request for tolling based on actual innocence is without merit.

## CONCLUSION

Green's habeas petition is untimely, and he has not demonstrated that he is entitled to equitable tolling. Therefore, the Report and Recommendation entered by Judge Parker is adopted as the opinion of this Court, the Motion to Dismiss filed by the respondent is granted, and Green's habeas petition must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [13] Report and Recommendation entered by United States Magistrate Judge Michael T. Parker is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the respondent's [5] Motion to Dismiss is **GRANTED**. Jess Lee Green's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as untimely.

**SO ORDERED AND ADJUDGED** this the 26th day of November, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE